IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:22-cr-167-ECM |
| | ) | (WO) |
| JULIUS CALHOUN | ) | |

**O R D E R**

On June 8, 2022, the Defendant, Julius Calhoun ("Calhoun") was indicted and charged with aiding and abetting another by knowingly possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and 18 U.S.C. § 2. Calhoun was arrested on June 15, 2022. He is now before the Court on the question of whether Calhoun has the mental capacity to stand trial for this charge. A competency hearing was held on November 16, 2022. With this opinion and order, and as stated in open court, the Court finds that Calhoun is not currently competent to stand trial, and that he should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to determine whether he can be restored to or attain competency in the foreseeable future.

Previously, Calhoun was removed to the custody of the Federal Bureau of Prisons for a determination of his competency pursuant to 18 U.S.C. § 4241 and § 4247(b) & (c). (Doc. 41). On October 21, 2022, the Court received the psychological evaluation (doc. 92) submitted by Dr. Haley Wentowski, Forensic Psychologist. Dr. Wentowski found that

> [b]ased on the available information, . . . Mr. Calhoun is suffering from a mental disease (i.e., schizophrenia) and a mental defect (i.e., mild intellectual disability). The combination of symptoms from these disorders are rendering him mentally incompetent to the extent that he is unable to

> understand the nature and consequences of the proceedings against him and properly assist in his defense. Mr. Calhoun's symptoms are impairing his ability to understand his charges, appreciate potential penalties, and understand court procedures and the roles of courtroom participants. His disorganized thoughts are preventing him from rationally assisting his attorney and impairing his ability to testify relevantly. He is not currently able to rationally weigh various options available to him, such as determining whether it would be in his best interest to take his case to trial or accept a plea bargain. In the opinion of this evaluator, Mr. Calhoun is not currently competent to proceed.

(*Id.* at 12).

At the competency hearing, the parties stipulated to the admissibility of Dr. Wentowski's report. The parties also agreed that the Court can rely on Dr. Wentowski's report to make its determination of Calhoun' mental competency. Pursuant to 18 U.S.C. § 4241(d), and based on Dr. Wentowski's report, the Court today finds by a preponderance of the evidence that Calhoun is currently suffering from a mental disease rendering him mentally incompetent to the extent that Calhoun is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Upon a determination of incompetency, the Court shall commit the Defendant to the custody of the Attorney General for treatment in a suitable facility for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1); *United States v. Donofrio*, 896 F.2d 1302, 1302 (11th Cir. 1990) (holding that "this statute is mandatory and that the district court did not have the authority to circumvent hospitalization."). Accordingly, it is

ORDERED as follows:

1.      Pursuant to 18 U.S.C. § 4241(d), it is declared that Defendant Julius Calhoun is mentally incompetent to stand trial in this cause, that is, Defendant Calhoun is currently suffering from a mental disease rendering him incompetent to the extent that Calhoun is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2.      Pursuant to 18 U.S.C. § 4241(d)(1), Defendant Calhoun is committed to the custody of the Attorney General for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the trial to proceed.   It is further

ORDERED that the United States Attorney after consultation with the United States Marshal and the Bureau of Prisons shall file a status report **on or before December 7, 2022**, regarding the Defendant's designation and transportation to the appropriate Bureau of Prisons medical facility.  The Court recommends that the Bureau of Prisons take special note of not only the Defendant's mental competency but his physical infirmities and needs as well.

Done this 16th day of November, 2022.

                                                /s/ Emily C. Marks
                                     EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE