IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA        )
                                )
        v.                      ) CRIM. CASE NO. 2:22-cr-167-ECM
                                )                (WO)
JULIUS CALHOUN                  )

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the United States' motion to continue trial (doc. 142) filed on February 21, 2023, and the Defendant's opposition to a continuance (doc. 143) filed on February 22, 2023.   Jury selection and trial are presently set on the term of court commencing on March 6, 2023.   For the reasons set forth below, the Court will continue the trial pursuant to 18 U.S.C. § 3161(h)(4).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).   The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including "any period of delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial." 18 U.S.C. § 3161(h)(4).   On November 16, 2022, the Court determined that Calhoun

was "not currently competent to stand trial, and that he should be committed to the custody of the Attorney General" to determine whether he could be restored to competency.   (Doc. 103).   Upon the finding of incompetency, commitment to the custody of the Attorney General for a period of restoration is mandatory. *See* 18 U.S.C. § 4241(d)(1); *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990).   The time the Defendant is deemed incompetent to stand trial is excluded under the Speedy Trial Act.   *See United States v. Pendleton*, 665 F. App'x 836, 839 (11th Cir. 2016).[1]   The Speedy Trial Act excludes any delay during the period he is incompetent.   *Id*.   The issue of the Defendant's competency must be resolved before proceeding to trial because neither a trial nor a plea can go forward while the Defendant is incompetent. Thus, a continuance is warranted based on the Defendant's incompetence.   18 U.S.C. § 3161(h)(4).

Counsel for Calhoun argues that the four-month restoration period ends on March 7, 2023, and thus, his trial should not be continued.   The Court is required to commit the Defendant to the custody of the Attorney General to "hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). Although Calhoun argues that the transportation delay is unreasonable, by its plain language, the four-month period relates to the period of hospitalization and begins to run once the Defendant has been hospitalized.   Because Calhoun has not yet been transported to a Bureau

---

[1] While the Court recognizes that *Pendleton, supra*. is an unpublished opinion, the Court finds its analysis to be persuasive.

of Prisons medical facility, he is not yet in the custody of the Attorney General.   Thus, the

four-month period of restoration has not yet commenced.

While the delay in transporting the Defendant to the BOP is disturbing, it does not

appear the delay is the result of any wrongdoing, neglect, or even indifference on the part of

BOP, but, instead, appears to be the result of conditions beyond the control of the BOP.

Accordingly, after careful consideration, the Court finds that the ends of justice served

by granting a continuance of this trial outweigh the best interest of the public and the

Defendant in a speedy trial.   Thus, for good cause, it is

ORDERED that the motion to continue (doc. 142) is GRANTED, and jury selection

and trial are CONTINUED from March 6, 2023 to the criminal term of court set to commence

on June 5, 2023 at 10:00 a.m. in Montgomery, Alabama.   All deadlines tied to the trial date

are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the

June trial term.

Done this 1st day of March, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE