IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:22-cr-167-ECM |
| | ) | (WO) |
| JULIUS CALHOUN | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion for leave to proceed in forma pauperis on his interlocutory appeal (doc. 166), filed on March 13, 2023. The Defendant filed a notice of appeal on March 9, 2023. (Doc. 162). The Government asks to stay proceedings pending appeal. (Doc. 165). The Defendant previously demonstrated by affidavit (doc. 11) that he is financially unable to pay fees and costs. 28 U.S.C. § 1915(a)(1); FED. R. APP. P. 24(a)(1)(A). However, the Court may nonetheless certify, "after the notice of appeal[,] . . . that the appeal is not taken in good faith or find[] that the party is not otherwise entitled to proceed in forma pauperis." *See* FED. R. APP. P. 24(a)(4)(B).

A Defendant's application for leave to appeal in forma pauperis "must conform to the requirements of 28 U.S.C. § 1915(a), and include, in affidavit form, the [D]efendant's representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States*, 369 U.S. 438, 444 (1962); *see also* FED. R. APP. P. 24(a)(1)(B)–(C) (requiring a party "who desires to appeal in forma pauperis" to "file a motion in the district court" and "attach an affidavit that . . . claim an entitlement to redress; and . . . states the issues that the party intends to present on appeal").

The Defendant's notice of appeal identifies two issues for appeal. First, he appeals this Court's order "granting the [Government's] Motion to Continue Trial and, by implication, denying his Objection to Motion to Continue" based on "the violation of the Speedy Trial Act, 8 U.S.C. § 3161(h), and the Insanity Reform Act of 1984, 18 U.S.C § 4241." (Doc. 162 at 1). Second, the Defendant appeals "the future Court Order, if adverse, on the Motion to Dismiss with Prejudice the indictment and the Amendment to Motion to Dismiss with Prejudice."

The Supreme Court has held that orders pertaining to a defendant's speedy trial claim are not subject to interlocutory appeal. *United States v. MacDonald*, 435 U.S. 850, 857 (1978). In *MacDonald*, the Court held that "a defendant's speedy trial claim plainly lacks the finality traditionally considered indispensable to appellate review." *Id.* (quotation and citation omitted). The Eleventh Circuit recently held in an unpublished opinion that, under *MacDonald*, a defendant's motion to dismiss an "indictment based on the delay in determining his competency is, in effect, a claim that he has been denied the right to a speedy trial, which is not subject to interlocutory review." *United States v. McNeal*, 2021 WL 4279575, at *3 (11th Cir. 2021) (unpublished opinion).

To the Defendant's first issue on appeal, therefore, the Court's order continuing trial over the Defendant's speedy trial objection "is not subject to interlocutory review." *Id.* Under *MacDonald*, then, the first basis listed in the Defendant's notice is not properly on interlocutory appeal. *See MacDonald*, 435 U.S. at 857. And to his second issue for interlocutory appeal, the Court finds that the Defendant cannot appeal "future" Court orders. Orders that have not yet been entered are not subject to appeal.

Accordingly, after careful consideration, the Court finds that neither issue listed in the Defendant's notice of appeal provide grounds to proceed on appeal in forma pauperis. Because the Court certifies that the appeal is not taken in good faith, the Defendant "is not . . . entitled to proceed in forma pauperis." *See* FED. R. APP. P. 24(a)(4)(B).   Thus, for good cause, it is

ORDERED that the Defendant's motion to proceed in forma pauperis (doc. 166) is DENIED.   It is further

ORDERED that the Government's motion to stay proceedings pending appeal (doc. 165) is GRANTED to the extent that this matter is STAYED pending appeal.   All pending deadlines are CANCELED until further order by the Court.

Done this 16th day of March, 2023.

                                                  /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE